KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Rick Mansour

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MANSOUR,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC; AND, THE MANDARICH LAW GROUP, LLP,<br><br>Defendants. | Case No.: SACV13 - 00100 CJC (JPRx)<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///
///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. RICK MASOUR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (individually as "CACH" or collectively as "Defendants"); and, the MANDARICH LAW GROUP, LLP (individually as "Mandarich" or collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

///

14. Plaintiff is informed and believes, and thereon alleges, that Defendant CACH is a company operating from the State of Colorado.
15. Plaintiff is informed and believes, and thereon alleges, that Defendant Mandarich is a company operating from the City of Woodland Hills, State of California.
16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).
17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.
19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.
20. In or about 2007, Plaintiff allegedly incurred financial obligations to the original creditor that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6). Plaintiff currently takes no position as to the validity of this alleged debt.
21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant CACH for collection.

///
///

22. Thereafter, but before November 9, 2012, Defendant CACH, a debt collector pursuant to the FDCPA, retained Defendant Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

23. Pursuant to the instructions of Defendant CACH, Defendant Mandarich initiated a lawsuit against Plaintiff entitled *CACH, LLC v. Rick A Mansour, an individual; and, DOES 1 through 10 inclusive* ("the State Action") on November 9, 2012 in an attempt to collect Plaintiff's alleged debt in the Superior Court of California, County of Orange, court case no.: 30-2012-00610691.

24. Thereafter, Plaintiff retained the Kazerouni Law Group, APC to represent Plaintiff in the initial lawsuit filed by Defendant.

25. Subsequently, Defendant was informed in writing of the name, law firm, e-mail, telephone number, and address of the attorney retained by Plaintiff for the initial lawsuit when Plaintiff's Counsel Answered the initial lawsuit on December 14, 2012.

26. In addition, Plaintiff's counsel spoke with Defendant's counsel regarding the initial lawsuit on numerous occasions by telephone and e-mail.

27. Despite this knowledge, Defendant contacted Plaintiff via written communications on January 2, 2013 with regard to Plaintiff's alleged debt in violation of 15 U.S.C. § 1692c(2).

28. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant violated 15 U.S.C. § 1692c(2).

///
///
///
///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,
- any and all other relief that this Court deems just and proper.

///
///

## TRIAL BY JURY

32. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 17, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF